UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD STANLEY MARKEY,

                Plaintiff,              7:15-CV-0146
                                                                      (GTS/TWD)

v.

STATE OF NEW YORK; COUNTY OF ST.
LAWRENCE; JEROME RICHARDS, Administrative
Law Judge; NICOLE DUVÉ, District Attorney;
STEPHEN D. BUTTON, Public Defender; and
DEBRA DOW, Court Clerk,

                Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

RICHARD STANLEY MARKEY
 Plaintiff, *Pro Se*
354 Dollar Road
Heuvelton, New York 13654

ERIC T. SCHNEIDERMAN                         KEVIN M. HAYDEN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
 Counsel for Defendants State of New York,
 Jerome Richards, and Debra Dow
615 Erie Blvd. West, Suite 102
Syracuse, New York 13204-2465

HANCOCK ESTABROOK, LLP                    ZACHARY M. MATTISON, ESQ.
 Counsel for Defendants County of St. Lawrence,
 Nicole Duvé, and Stephen D. Button
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13221-4976

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Richard Stanley Markey ("Plaintiff") against the County of St. Lawrence, former District Attorney Nicole Duvé, (in her official capacity) and former Public Defender Stephen D. Button (in his official capacity) (collectively, "County Defendants"), and the State of New York, Judge Jerome Richards (in his official capacity),[1] and Court Clerk Debra Dow (in her official capacity) (collectively, "State Defendants"), are the following motions: (1) the County Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 8); and (2) the State Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 9). For the reasons set forth below, Defendants' motions are granted.

**I.     RELEVANT BACKGROUND**

Plaintiff has filed a Complaint that is forty-two pages in length, including exhibits, and is difficult to understand. (Dkt. No. 1 [Pl.'s Compl.].) Although the Complaint alleges violations of Plaintiff's rights under 42 U.S.C. §§ 1983 and 1986, while referencing various other federal statutes, the Complaint does not contain factual allegations plausibly suggesting a claim (much less a plain statement of a claim). (*See generally id*.) Generally, Plaintiff's claims relate to his underlying state criminal prosecution in St. Lawrence County. (*Id.*, ¶¶ 3-4, 7, 13-b, 14-16.) The Complaint alleges that the individual Defendants breached their duties as public officers, and committed fraud, in the handling of his criminal case. (*Id.*, ¶¶ 6-11, 13-14.) Plaintiff seeks

---

[1] Although the Complaint alleges that Judge Richards is an administrative law judge, the Court takes judicial notice of the fact that Judge Richards is a county court judge who currently presides in St. Lawrence County Court.

injunctive relief prohibiting Defendants from continuing any criminal prosecution against him, the overturning of his criminal conviction, and seventy-five million ($75,000,000.00) dollars in damages. (*Id.*, ¶ 21.)

## II. PARTIES' ARGUMENTS ON DEFENDANTS' MOTIONS

### A. Defendants' Memoranda of Law

#### 1. County Defendants' Memorandum of Law

In support of their motion to dismiss, the County Defendants make four arguments. First, the County Defendants argue that Plaintiff has failed to comply with Fed. R. Civ. P. 8(A) because his Complaint fails to identify any dates on which, or locations in which, the County Defendants allegedly caused him harm. (Dkt. No. 8, Attach. 3, at 2 [Cty. Defs.' Mem. of Law].) In addition, the County Defendants argue that the Complaint does not outline any activity that could be potentially actionable. (*Id.*)

Second, the County Defendants argue that any claim against Defendant Duvé, either in her individual or official capacity, should be dismissed. Specifically, the County Defendants argue that Defendant Duvé enjoys absolute immunity from any claims brought against her in her individual capacity that are based upon her prosecution of Plaintiff in his underlying criminal case. (*Id.* at 3-5.) Similarly, the County Defendants argue that any claims against Defendant Duvé in her official capacity are barred by the Eleventh Amendment. (*Id.* at 5-6.)

Third, the County Defendants argue that any claims against St. Lawrence County should be dismissed because the Complaint does not contain any allegations that Plaintiff's injuries were caused by an unconstitutional municipal policy, custom or practice. (*Id.* at 7-8.)

Fourth, and finally, the County Defendants argue that any claims under 42 U.S.C. § 1983 against Defendant Button should be dismissed because the Complaint fails to allege any facts plausibly suggesting he was a state actor at the time of Defendant's prosecution. (*Id.* at 8-9.) Furthermore, the County Defendants argue that it is well established that court-appointed attorneys performing traditional functions as counsel to a defendant do not act under color of state law. (*Id.*)

2. **State Defendants' Memorandum of Law**

In support of their motion to dismiss, the State Defendants make four arguments. First, the State Defendants argue that Defendant Richards, as a county court judge, and Defendant Dow, who is Chief Clerk of the St. Lawrence County Surrogate's Court, are entitled to absolute immunity because they were acting in a judicial and quasi-judicial capacity respectively during Plaintiff's underlying criminal prosecution. (Dkt. No. 9, Attach. 1, at 3-4 [State Defs.' Mem. of Law].) In addition, the State Defendants argue that Defendants Richards and Dow are entitled to qualified immunity because they were performing discretionary tasks, and the Complaint does not allege any facts plausibly suggesting that their actions were not objectionably reasonable. (*Id.*)

Second, the State Defendants argue that any claims against the State of New York are barred by the Eleventh Amendment and that the New York Court of Claims has exclusive jurisdiction over actions for money damages against the State of New York and state employees acting in their official capacity. (*Id.* at 5-6.)

Third, the State Defendants argue that Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(A) because the Complaint is devoid of any factual allegations but is "replete with a

litany of nonsensical statutory references." (*Id.* at 6.) The State Defendants further argue that the Complaint fails to allege facts plausibly suggesting any constitutional violations. (*Id.*)

Fourth, and finally, the State Defendants argue that Plaintiff has failed to comply with Fed. R. Civ. P. 4(j) because they were improperly served. (*Id.* at 7.) Specifically, the State Defendants argue that Plaintiff attempted to complete service upon the State of New York by mailing the Complaint, certified mail, return receipt requested, to the New York State Attorney General's Office in Albany, New York; Plaintiff then attempted to serve his Complaint on Defendant Dow by sending it certified mail to the St. Lawrence County Court in Canton, New York; finally, Plaintiff attempted to complete service upon Defendant Richards by registered mail. (*Id.*) The State Defendants note that the Court's docket does not reflect that service was completed. (*Id.*) Accordingly, the State Defendants argue that they should be dismissed from this action for a lack of personal jurisdiction. (*Id.*)

### B. Plaintiff's Joint Opposition Memorandum of Law

Plaintiff has failed to respond to the substance of Defendants' motions. Instead, he has filed a copy of Defendants' motion papers with a handwritten notation on various pages that reads "THIS DOES NOT APPLY TO ME." (Dkt. No. 10, Attach. 3, at 1, 3-4 [Pl.'s Opp'n to Cty. Defs.' Mem. of Law]; Dkt. No. 11, at 5, 7 [Pl.'s Opp'n to State Defs.' Mem. of Law].) In addition, Plaintiff has filed an affidavit in which he appears to remind the Court that he has paid a filing fee and makes vague statements regarding the general accounting of public money, embezzlement, and theft of his money/documents. (Dkt. No. 10, Attach. 4, ¶¶ 1-5 [Pl.'s Aff.].)

C.     **Defendants' Reply Memoranda of Law**

1.     **County Defendants' Reply Memorandum of Law**

In response to Plaintiff's opposition, the County Defendants note that Plaintiff has merely re-filed their motion papers with the handwritten notation stated above. (Dkt. No. 14, at 1 [Cty. Defs.' Reply Mem. of Law].) The County Defendants argue that, because Plaintiff has failed to respond to the substance of their legal arguments, Plaintiff should be deemed to have consented to their arguments and/or abandoned his claims. (*Id.* at 1-2.) Furthermore, the County Defendants argue that they have met their modest burden, under N.D.N.Y. L.R. 7.1(b)(3), demonstrating their entitlement to relief. (*Id.*)

2.     **State Defendants' Reply Memorandum of Law**

The State Defendants did not file a reply to Plaintiff's opposition.

### III.    RELEVANT LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28

---

[2] *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[3] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[citations omitted].[4]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[5]

---

[4] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

[5] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[6]

## III. ANALYSIS

As an initial matter, the Court finds that Plaintiff has failed to respond to the legal arguments asserted in Defendants' motions. In addition, the Court finds that Plaintiff had due notice of his duty to oppose such legal arguments if he wished the motions to be considered by

---

exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[6] *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

the Court as opposed.[7] As a result, the Court finds that Plaintiff's failure to oppose those legal arguments was willful for purposes of Fed. R. Civ. P. 83(a)(2). In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.[8] The Court finds that, at the very least, Defendants have met that modest threshold burden with respect to their requested relief. In any event, the Court would grant Defendants' motions to dismiss even if it were to subject those motions to the more rigorous scrutiny appropriate for a contested motion, for the reasons set forth below.

> A. **Whether Defendants Duvé, Richards, and Dow Are Entitled to Absolute Immunity from Liability on Plaintiff's Claims**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Defendants' respective memoranda of law. (Dkt. No. 8, Attach. 3, at 3-5 [Cty. Defs.' Mem. of Law]; Dkt. No. 9, Attach. 1, at 3-4 [State Defs.' Mem. of Law].) To those reasons, the Court adds the following analysis with respect to the claims against Defendants Richards and Dow.

---

[7] (*See* Dkt. No. 4, at 2 [indicating that Plaintiff was mailed a courtesy copy of [1] the District's Local Rules of Practice, Local Rule 7.1[b][3] of which informed Plaintiff of the consequences of failing to oppose a motion, and [2] the *Pro Se* Handbook, page 27 of which reminded Plaintiff of his "need to make legal arguments" in opposition to those contained in a motion to dismiss "so the case will go forward"]; Dkt. No. 5 [Acknowledgment of Receipt of Local Rules and *Pro Se* Handbook].)

[8] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 [1967]). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

The test for clear absence of jurisdiction has both an objective and subjective prong. *Lewittes v. Lobis*, 04-CV-0155, 2004 WL 1854082, at *5-6 (S.D.N.Y. Aug. 19, 2004) (citing *Tucker v. Outwater*, 118 F.3d 930, 934 [2d Cir. 1997]). Objectively, it must be found that no reasonable judge would have thought jurisdiction was proper, and subjectively, the judge whose actions are questioned, actually knew or must have known of the jurisdictional defect. *Id.*

Here, the Complaint appears to allege that the St. Lawrence County Court did not have jurisdiction to hear Plaintiff's underlying criminal case. Specifically, the Complaint alleges that all municipal, county, and state courts lacked jurisdiction to hear Plaintiff's case under 28 U.S.C. §§ 1602-11. (Dkt. No. 1, ¶ 8 [Pl.'s Compl.].) However, these statutes relate to the jurisdictional immunities of foreign states, and the Complaint fails to allege facts plausibly suggesting that these statutes are in any way applicable to the present matter. To the extent that Plaintiff alleges he is a resident of the State of Connecticut (*id.*, ¶ 5) and believes that 28 U.S.C. §§ 1602-11

-13-

prevents New York State courts, as courts of a "foreign state," from prosecuting him for criminal conduct, this allegation is plainly incorrect and does not warrant further discussion.

With respect to Defendant Richards, the Complaint alleges that he breached 28 U.S.C. §§ 455(a) and b(4). (*Id.*, ¶ 13[b].) Section 455(a) dictates that any federal justice, judge, or magistrate judge shall disqualify himself from any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455(a). Section 455(b)(4) states that a federal judge shall also disqualify himself from a proceeding if he or a family member has "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Clearly, these statutes do not apply to Defendant Richards because he is not a federal judge. *See* 28 U.S.C. § 451 (stating that the "term 'judge of the United States' includes judges of the courts of appeal, district courts, Court of International Trade and any court created by Act of Congress"). Moreover, the Complaint is devoid of any factual allegations that plausibly suggest a concern with Defendant Richards' impartiality or the existence of outside interests that may have influenced him or Defendant's criminal proceeding.

Finally, Plaintiff has not alleged how Defendant Dow was personally involved in any alleged constitutional violations. To the extent that Plaintiff alleges Defendant Dow is liable because of her participation as a court clerk in his criminal proceeding, she is entitled to absolute immunity. *See Haydu v. U.S. Fed. Gov't*, 12-CV-1424, 2013 WL 665066, at *42 (N.D.N.Y. Jan. 29, 2013) (Peebles, M.J.) (stating that "absolute judicial immunity can apply to officials such as court clerks when the clerks perform tasks integral to the judicial process, such [as] executing a judge's order") (collecting cases); *see also Caldwell v. Pesce*, 83 F. Supp. 3d 472, 482 n.5 (E.D.N.Y. 2015) (collecting cases); *Topolski v. Wrobleski*, 13-CV-0872, 2014 WL 2215761, at *5-6 (N.D.N.Y. May 29, 2014) (Kahn, J.).

### B. Whether Plaintiff's Claims Against the State of New York and Defendant Duvé Are Barred by the Eleventh Amendment

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Defendants' respective memoranda of law. (Dkt. No. 8, Attach. 3, at 5-6 [Cty. Defs.' Mem. of Law]; Dkt. No. 9, Attach. 1, at 5-6 [State Defs.' Mem. of Law].) To those reasons, the Court would add only that the Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991); *see also McKeon v. Daley*, 101 F. Supp. 2d 79, 86 (N.D.N.Y. 2000) (Hurd, J.) (holding that, "when a district attorney is sued for damages in his official capacity, the suit is deemed to be a suit against the state, and the district attorney is entitled to invoke the Eleventh Amendment immunity belonging to the state"). Accordingly, Plaintiff's claims against the State of New York and Defendant Duvé must be dismissed.

### C. Whether Plaintiff's Claims Against Defendants St. Lawrence County and Defendant Button Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memorandum of law. (Dkt. No. 8, Attach. 3, at 7-9 [Cty. Defs.' Mem. of Law].)

### D. Whether Plaintiff's Complaint Should Be Dismissed Without Prior Leave to Amend

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth below.

Ordinarily, before a district court dismisses a *pro se* action, the plaintiff will generally be allowed to amend his complaint at least once. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

Here, the Court finds that the defects in Plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. Therefore, dismissal of Plaintiff's Complaint with prejudice is appropriate.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' respective motions to dismiss Plaintiff's Complaint for failure to state a claim (Dkt. Nos. 8, 9) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

Dated: March 14, 2016
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge